**602** Tokio Marine & Fire Insurance Co., Ltd., _v._ Parnes.

Appellate Term, First Department, June, 1926. [Vol. 127]

The Tokio Marine and Fire Insurance Company, Ltd., Appellant, _v._ Maxwell Parnes, Respondent.

Supreme Court, Appellate Term, First Department, June 26, 1926.

Insurance — subrogation — action by insurance carrier to recover back money paid defendant for loss by collision — policy gave plaintiff right of assignment of defendant's right to recover against party causing damage — defendant gave party causing damage release and accepted settlement in full for all claims — payment made by plaintiff, based on defendant's proof of loss reciting he had not violated any condition of policy, should be returned.

Defendant, whose automobile was insured by the plaintiff against loss by collision, is liable to plaintiff for the amount paid defendant for his property damage, where, prior to said payment, defendant executed a proof of loss to plaintiff reciting that he had done nothing to violate any condition of the policy, whereas contrary to a provision in the insurance policy which gave plaintiff the right to an assignment of defendant's right of recovery against the party who had caused the loss, to the extent that payment was made by the company, defendant effected a settlement with the party responsible for his damage and gave it a release in full for all claims of every nature.

Appeal by plaintiff from a judgment of the Municipal Court of the City of New York, Borough of Manhattan, First District, after a trial by a judge without a jury.

_Mortimer L. Shuford_ [_Joseph A. Fagnant_ of counsel], for the appellant.

_Aaron Morris_ [_David B. Kaminsky_ of counsel], for the respondent.

Per Curiam. Plaintiff sues defendant for a return of money paid by it on account of a loss incurred by defendant under a policy of insurance.

Defendant's automobile was insured by plaintiff against damage and was injured in a collision with a car of a taxicab company. Defendant made due claim and proof of loss, and pending payment by the plaintiff asked some agent of the plaintiff whether there was any objection to his settling with the cab company for the amount of his personal injuries which were not covered by plaintiff's policy and was informed that there was no such objection. He thereupon made a settlement with the cab company and gave it a release in full from all claims of every nature. Thereafter defendant, who is a lawyer, signed a proof of loss to the plaintiff in which it was stated that he had done nothing to violate any condition of the policy. The policy, however, contained a provision to the effect that the company was entitled to require from the assured an assignment of his right of recovery against the party who had

caused the loss to the extent that payment was made by the company; and that upon the faith of the misstatement in the proof of loss to the company, which is plainly material, paid the defendant his property damage.

It makes no difference whether we regard the misstatement of defendant as intentional or whether it was made in utter disregard of the actual fact known to the defendant (*Hadcock* v. *Osmer*, 153 N. Y. 604, 608), as on either supposition plaintiff is entitled to recover back the money which it paid.

Judgment reversed and a new trial granted, with thirty dollars costs to appellant to abide the event.

All concur; present, BIJUR, O'MALLEY and LEVY, JJ.